UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAYED BASHIR RAHIMI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-02576-JST<br><br>**ORDER DENYING RELIEF UNDER RULE 60(B)(1)**<br><br>Re: ECF No. 38 |

Before the Court is Plaintiff's motion for relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure. ECF No. 38. Plaintiff moves the Court for an order granting relief from its previous order granting Defendant's motion for summary judgment. The Court will deny the motion.

**I.　BACKGROUND**

Plaintiff in this case is Sayed Rahimi, an Afghani immigrant and taxi driver with 32 years of experience as a driver. ECF No. 38 at 2. Defendant in this case is the San Francisco Municipal Transportation Agency ("SFMTA"). The San Francisco Taxi Commission ("the Commission"), operating under the authority of the SFMTA, revoked Rahimi's taxi medallion and A-card taxi driver permit in 2008. It alleges that Rahimi repeatedly violated the rules, sexually harassed female passengers and police officers, made false statements, and committed perjury. ECF No. 33-2 at 9. The Superior Court of California for the County of San Francisco affirmed the Commission's decision to revoke Rahimi's taxi driving privileges in 2010, and the Court of Appeal for the First District of California affirmed in 2011. Id. In March 2016, Rahimi contacted SFMTA to regain his ability to operate a taxi in San Francisco, but he could not complete the testing requirements because he is dyslexic. ECF 32-3 at 14; ECF 32-4 at 10.

In May 2016, Rahimi filed this suit pro se against the City and County of San Francisco. ECF No. 1. Rahimi alleges that the Defendant violated (1) Title VI of the Civil Rights Act of 1964 when it revoked his A-Card and taxi medallion, and (2) Title II of the Americans with Disabilities Act ("ADA") by requiring Rahimi to take a written exam when he sought to renew his A-Card. ECF No. 1 at 4. Defendant answered the Complaint and moved for summary judgment on both of Rahimi's claims. ECF No. 9; ECF No. 32. Rahimi did not file a timely opposition to the motion. The Court granted Defendant's Motion for Summary Judgment. ECF No. 37.

In this subsequent motion, Rahimi seeks relief from the Summary Judgment Order "due to his mistake, inadvertence, and excusable neglect, and because of []his disability."[1] ECF No. 38 at 2. Rahimi claims he was unable to file a timely opposition to Defendant's Motion for Summary Judgment because he suffers from dyslexia, he was unable to afford proper legal representation, he needed to care for his sick father, and he was assisted by his family who lack experience or time to deal with these legal issues. Id. at 2-3; ECF No. 41 at 2-3.

## II. LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986)). Ignorance of the law does not constitute "mistake, inadvertence, surprise, or excusable neglect." Id. at 1044. Rule 60(b) cannot remedy "[n]eglect or lack of diligence." Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998); cf. Briones v. Riviera Hotel & Casino, 116 F.3d 379, 382 (9th Cir. 1997) ("[A] late filing will ordinarily not be excused by negligence. . . .").

---

[1] The court received Plaintiff's supplemental briefings, at ECF Nos. 42, 43, but declines to consider them because Local Rule 7-3(d) prohibits supplemental briefs without Court approval after the filing of the reply.

The court examines four factors in determining whether a litigant has shown excusable neglect: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Briones, 116 F.3d at 381 (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993)).

Finally, although Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief," motions on those grounds are to be granted "sparingly as an equitable remedy to prevent manifest injustice." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993). The moving party must show that "circumstances beyond its control prevented timely action to protect its interests." Id.

## III. DISCUSSION

In the present motion, Rahimi reasserts claims from his complaint that "the SF taxi commission has violated Rahimi's Title VI Civil Rights, neglected his Title II ADA rights, withheld pertinent information regarding rights that were allotted to other drivers with the same condition as Rahimi, and repeatedly used different tactics to defame the character of Rahimi in the eyes of the court." ECF No. 38 at 2. These issues were previously decided in the Order Granting the Motion for Summary Judgment. See ECF No. 37. The proper focus for the present motion is on Plaintiff's explanation of "mistake, inadvertence, surprise, or excusable neglect," see Fed. R. Civ. P. 60(b)(1), or on Plaintiff's explanation of another circumstance beyond his control which "justifies relief," see Fed. R. Civ. P. 60(b)(6).

The Court finds that Rahimi cannot plead mistake, inadvertence, or surprise, nor excusable neglect. See id. The Court also concludes that Rahimi has not met the high burden of showing that "circumstances beyond [his] control prevented timely action." Alpine Land & Reservoir Co., 984 F.2d at 1049. The Court accordingly denies Rahimi's motion.

### A. Mistake, Inadvertence, or Surprise

Rahimi did not suffer from mistake, inadvertence, or surprise. Rahimi knew that he was required to respond to the City's motion for summary judgment to avoid dismissal of his

3

complaint. See ECF No. 38 at 2 ("While Rahimi was trying to respond to defendant's Motion of Summary Judgment, he was unable to find adequate help during that time."). Indeed, he worked with family members and providers of free legal services to draft an opposition. ECF No. 41 at 2-3.

### B. Excusable Neglect

Rahimi's hardship also does not meet the standard for excusable neglect. In making that determination, the Court examines four nonexclusive factors: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay and (4) whether the movant acted in good faith. See Briones, 116 F.3d at 381. The third factor is the most important and does "most of the work." Rose v. Bank of Am. Corp., No. 5:11-CV-02390-EJD, 2014 WL 3421366, at *2 (N.D. Cal. July 14, 2014) (citing Pincay v. Andrews, 389 F.3d 853, 861 (9th Cir. 2004) (Kozinski, J., dissenting).

First, Defendant has not shown a danger of prejudice. To be prejudicial, the setting aside of a judgment or order "must result in greater harm than simply delaying resolution of the case." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (May 9, 2001), overruled on other grounds as recognized in NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016). "The standard is whether [Defendant's] ability to pursue [its defenses] will be hindered." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). For example, a delay is "prejudicial" where it results "'in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.'" TCI, 244 F.3d at 701. (citation and quotation marks omitted).

The only potential prejudice the City points to is that one witness, Jarvis Murray, has left the City's employ and moved to Southern California. ECF 40-1 at 2. But the City does not say whether Murray's departure came before or after Rahimi's motion, and there is no showing that Rahimi's request to reopen summary judgment leaves the City any worse off than if summary judgment had been litigated on the original schedule.

Second, the Court finds that the length of delay would not have a significant impact on judicial proceedings. The Court filed its order granting summary judgment approximately one

month before Plaintiff filed the present motion. See ECF Nos. 36, 38. The Ninth Circuit has held that a one month delay is not prejudicial. See M.D. v. Newport-Mesa Unified Sch. Dist., 840 F.3d 640, 643 (9th Cir. 2016) (collecting cases holding that delays of two days, three days, twelve days, and one month did not prejudice for Rule 60(b)(1)).

With regard to the fourth factor, the Court finds no reason to think the Plaintiff acted in bad faith. Plaintiff knew about Defendant's intention to file its summary judgment motion, but his failure to respond resulted from "negligence and carelessness, not from deviousness or willfulness." See Bateman v. U.S. Postal Service, 231 F.3d 1220, 1225 (9th Cir. 2000).

The third and most important factor weighs against granting Rahimi's motion. Rahimi gives four reasons for not filing a timely summary judgment opposition: (1) his dyslexia prevented him from filing a timely response himself, (2) he did not have the money to hire outside counsel because his taxi medallion was revoked; (3) his family members did not have the time or experience necessary to file a timely response, ECF No. 38 at 17-18; and (4) his hardship in filing his opposition was exacerbated by his father's illness, ECF No. 41 at 2-3.[2] The Court recognizes that Plaintiff suffers from dyslexia. However, courts have rarely granted Rule 60(b)(1) motions on the basis of disability or illness, and even then only in the case of severe injury. See Gravatt v. Paul Revere Life Ins. Co., 101 F. App'x 194, 196 (9th Cir. 2004) (granting Rule 60(b)(1) motion when lawyer had a "serious, debilitating illness, which ultimately resulted in her death"); see also Johnson v. Am. Home Mortg. Corp., No. SACV1601085AGKESX, 2016 WL 9308527, at *1 (C.D. Cal. Dec. 5, 2016) (granting Rule 60(b)(1) when plaintiff was suffering from pneumonia). While the Court gives some weight to Rahimi's other hardships, but these types of hardships are not uncommon and do not excuse the failure to meet a court deadline or seek an extension. Importantly, Rahimi knew about Defendant's intention to file its summary judgment motion since his attendance at the Case Management Conference on August 17, 2016, but failed to request an extension. See ECF No. 19. Nor is this Rahimi's first experience with filing deadlines, given the

---

[2] Rahimi made the last argument for the first time in reply. "Generally, the Court does not consider new arguments made for the first time in a reply brief." Rodman v. Safeway Inc., 125 F. Supp. 3d 922, 930 (N.D. Cal. 2015), aff'd, 694 F. App'x 612 (9th Cir. 2017).

lengthy, multi-level litigation history of Rahimi's prior action against the SFMTA. The Court finds Rahimi's reasons for delay, as a whole, inadequate to show excusable neglect.

Balancing these factors, the Court finds that Rahimi has not demonstrated excusable neglect.

### C. Other Reasons Justifying Relief

Rahimi has also not shown "any other reason that justifies relief" under Rule 60(b)(6), as motions on those grounds are to be granted "sparingly as an equitable remedy to prevent manifest injustice" and Rahimi has not shown how the denial of his motion would enact manifest injustice. Alpine Land & Reservoir Co., 984 F.2d at 1049.

## CONCLUSION

In sum, Rahimi has not established a recognized basis for relief under Rule 60(b). Rahimi's Rule 60(b) motion is DENIED.

**IT IS SO ORDERED.**

Dated: November 27, 2017

JON S. TIGAR
United States District Judge